

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Overruled by 0-7241
insofar as it conflicts

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-4705
Re: Eligibility of Madisonville
Independent School District
for Rural Aid under H. B.
No. 284, Acts 47th Leg.

Your letter to us of July 10th, requesting our
opinion on the above question reads as follows:

"Section 1 of Article 4 of House Bill #284, Acts
of the Regular Session of the 47th Legislature, pro-
vides in part as follows:

"'Provided further that school districts
whose area does not exceed Sixteen (16)
square miles and having an accredited
high school of sixteen (16) units or more
which serve Teacher Training Institutions
as practice teaching laboratories shall
upon the approval of the Joint Legislative
Advisory Committee receive a tuition pay-
ment of not to exceed Seven Dollars and
Fifty Cents ($7.50) per month for not to
exceed five (5) months on all high school
pupils enumerated in said district.'

"The Madisonville School in Madison County has
12 square miles in area and 31 units of affiliation.
The Sam Houston State Teachers College sends pro-
spective teachers to Madisonville to do practice
teaching in vocational agriculture, and to this ex-
tent the school serves as a practice teaching labora-
tory for the college. The school officials have sub-
mitted a tuition report to this office for all the

high school children living in Madisonville, totaling
$4,500. Approximately 30% of the total number
enumerated in the district are in classes that serve
as laboratory purposes.

"The Joint Legislative Advisory Committee has
considered the tuition approval under this provision
and failed to approve it. This office would like to
know if this tuition were presented to the State
Board of Education and approved by that body, would
payment of the claims be authorized under the statute
when this article and Article 1 are considered jointly.
Stated differently, would any school have to meet the
eligibility requirements of Article 1 in order to
participate in the allocation of either of the three
types of aid on children living within the district
provided for in the Act."

Article I, Section 1, of said House Bill No. 284 pre-
scribes the prerequisites for eligibility for rural aid, and
reads as follows:

"Section 1. Scholastic Population Of The Dis-
trict. State aid under the provisions of this Act
shall be distributed in such a way as to assist all
school districts which have not fewer than twenty
(20) nor more than five hundred (500) original enu-
merated scholastics within the grades classified to
be taught remaining in the district after transfers
out, and consolidated and/or rural high school dis-
tricts which have an average of not more than two
hundred (200) scholastics of each original district
composing the consolidated and/or rural highschool
district unit; provided that the maximum limitations
as to scholastic population for eligibility herein
set forth shall not apply for any type of aid to any
school district which is nine (9) miles or more in
length or contains forty-eight (48) square miles of
territory or more, provided there is not located in
such district an incorporated city or town having a
population of more than thirty-six hundred (3600)
inhabitants, according to the last preceding Federal
Census. Districts maintaining a school at home and
having less than an average of one (1) enumerated
scholastic per square mile are exempt from said mini-
mum scholastic requirement and are eligible for aid

for only one teacher unless a geographical barrier necessitates the operation of two schools for the same race in said district, such geographical barrier to be determined by the State Department of Education subject to the approval of the Joint Legislative Advisory Committee. If they can show budgetary need therefor, all other districts having less than said minimum scholastic requirement, shall be eligible for only tuition and transportation aid to the nearest accredited school on enumerated scholastics whose grades are not taught in such district."

You have advised us that the Madisonville Independent School District has a scholastic population of 886. It therefore does not meet the eligibility requirements of Section 1, quoted above, which makes only those school districts eligible which have "not fewer than twenty (20) nor more than five hundred (500) original enumerated scholastics. . ." This fact, we believe, disqualifies the Madisonville district even though it comes within the proviso of Section 1 of Article IV, quoted in your letter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

s/ Walter R. Koch
Assistant

WRK:po

APPROVED JUL 20, 1942
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN